UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCO A. CHAVEZ-RANGEL, *et al.*, | Case No. 2:24-cv-01008-MMD-BNW |
| Plaintiffs, | ORDER |
| v. | |
| ALI HASSAN AMIN, *et al.*, | |
| Defendants. | |

    This case comes before the Court through a petition for removal filed by Defendants Ali Hassan Amin and CEVA Freight, LLC. (ECF No. 1 ("Petition").) Plaintiffs Marco Chavez-Rangel and Sydney Rangel filed this action in the Eighth Judicial District Court in Clark County, Nevada, after an alleged vehicular collision with a truck driven by Amin in California. (ECF No. 1 at 8.) Plaintiffs assert claims of negligence, respondeat superior, and negligent hiring and supervision. (*Id.* at 9-11.)

    Defendants removed the action on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. Based on the Court's review of the petition, questions exist as to whether the Court has jurisdiction to hear this claim. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). Specifically, the Court is concerned that the $75,000 amount-in-controversy requirement has not been met.

    A defendant's notice of removal must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Though a notice of removal "need not contain evidentiary submissions," *id.* at 84, a defendant may be required to

show by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied if the Court questions the removing defendant's allegations as to the amount, *see Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068-69 (9th Cir. 2021) (citing *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)).

It is not obvious from the Complaint, the Petition, or any other files in the docket that the amount-in-controversy requirement has been met. (ECF Nos. 1, 1-1.) The Petition claims that it is "apparent on the face of the Complaint that each plaintiff seeks recovery of an amount in excess of Seventy-Five Thousand Dollars" because they seek "compensation for past and future general damages, past and future medical and pain and suffering." (ECF No. 1 at 2.) But the Complaint only describes the general and special damages suffered by Plaintiffs as being in excess of $15,000. (*Id.* at 12.) At most, this appears to add up to a minimum of $60,000 in total requested relief, as Plaintiffs' first cause of action is being brought against both defendants but their second and third causes of action are employer liability claims brought only against CEVA Freight. (*Id.* at 9-12.) Defendants offer no additional explanation as to how they reached a sum in excess of $75,000.

For these reasons, Defendants are directed to show cause as to why this action should not be remanded for lack of subject matter jurisdiction.

It is therefore ordered that Defendants show cause in writing why this case should not be remanded for lack of subject matter jurisdiction by June 18, 2024. Plaintiffs may file a response by June 25, 2024.

DATED THIS 4th day of June 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE